Chief Justice Robertson,
delivered the opinion of the court.
This is an appeal from a judgment of the circuit court, on an award. Cleaveland having obtained an injunction against a’ judgment at laxv, obtained against him, by the assignee of Dixon, the party, by order of court, submi;ted to arbitrators all matters in controversy between them in the suit in chancery, and all other “matters of controversy, either in laxv or equity, that either party may think, he may have a right to urge.”
The award disposed of the suit; but did not expressly notice, nor allude to any matters of controversy, except such as were embraced in the suit. The circuit court made the award itsjudgment.
The ¡complainant in the suit in chancery made two objections to the award.
1. Thai he had never been furnished with a copy of it.
2. That o£ife arbitrators either by fraud or mistake,, neglected to allow his claims;” and having ascertained their mistake, had petitioned the court for leave, to withdraw their award, and -re-consider the case;
It will be pro-^r-"eiJ¡ ^^ an award involving mera questions of bp“j p^perly overruled, unless the con-tru1^ appear'
Court should not pronounce judgment atj the return term of an award, unless the party objecting had been furnished with a copy or had waived the i mission.
There is one general answer to each of these oh-jectipns, which must be decisive. The record does not show what evidence was offered to the court in support of, or in opposition to the objections. There is a bill of excep ions; but it does not state, that it contains all the evidence; and that which it does contain, consists only of the affidavit of the complaining party, averring that ‘ th ough fraud or mistake'5 injustice had been done him; and the affidavit of oneof thearbitra'ors affirming, ¡hat he had been induced to apprehend from a con-versat'on with two of the wilnesses, since the award was returned, that the arbitrators liad misconstrued their testimony, to the prejudice of the appellant.
These affidavit; furnished no facis which would have justified a quashal of the award; and if they had, thi3 court must presume in favor of the judge of the circuit cou-t, that satisfactory repellant testimony was given. “Objections involving mere matters of fact, taken to an award, will be presumed to have been correctly overruled by the inferior court, on sufficient evidence, unless the contrary appears by bill of exceptions; Clarke vs. McKinney, V Littel's Rep. 196.
But there are-other sufficient answers to each of the two qbjeciions.
1. The circuit court did not pronounce its judgment on the award, until the term succeeding that, to which it was relumed. The object of requiring arbitrators to furnish each party with a copy of their award, is that each may have sufficient notice of the award, to enable him to be prepared with any objections to it, which he might successfully make. It would be erroneous to render judgment on an award at the return term, unless the party objecting to it had been furnished with a copy of it, or waived objection to the omission to give him a copy. But when he appears in court on the return of the award, and files objections to it, the fact that the arbitrators had not furnished him with a copy before the first term, is no just cause for complaint at the succeeding term. Want of notice may be cause for a continuance, but it cannot affect the validity of the award.
(Judge Underwood is of opinion, that an omission to give a copy is cause for quashing the award.)
Award not to be set aside mistake, unless it beman-face of the11'6 award and' indicate the award not to intended.
Chance of opinion, of one or all the afte^rard returned, can-notaffect their award,
Re-su^mission,not to be mane without both parties,
If submission theTub'ect* matteracted on, no objeotion to award, that it comprehends other matters.
2. The affidavit, were it competent ns evidence, does not state any fact which would tend to evince either fraud or mistake by the arbitrator?. There seems to be no cause for imputing fraud; and the mistake, if it occurre.l,is not of such character, a? to vitiate the award. Arbitrators constitute a cheap domestic tribunal, chosen by the parties themselves; and no appeal lies from' their judgments. If they misjudge the law,, or mis-concelve the facts, without any improper interference by either party, or any improper conduct in them selves, their award cannot be set aside merely for such oris* judgment, or mistake also, unless the award itself show the mistake; nor will amistase, apparent on rhe tace the award, be sufficient for setting it aside, unless it he of such a character as to show, that the deduction pf the arbitrators, was a mistaken inference from the tacts,.or that the facts themselves did not authorize the conclusion drawn from them, and, that therefore, the award is not what the arbitrators intended that it ghould he; Baker’s heirs vs. Crocket, Hard. 388, Ewing vs. Beauchamp, III Bibb, 44, Offut vs. Proctor, IV Bibb, 252.
The affidavit óf the arbitrator ivas entitled tó no-consideration. After the award was returned to the circuit court, the arbitrators were fundi officio. A change of opinion by all of them, alter they had returned their award, could not afiect it. The conver-, sation of one of them with the witnesses, did not authorize a change of opinion, and if it liad, or was intended to have such an eííéct, it was improper and reprehensible. Such a conversation could not tend to prove a mistake. Nor ought the petition of all the arbitrators to have had any influence. It was induced by the communications of the arbitrator, who had conversed with some of the persons who had been witnesses. His report of that conversation, induced his colleagues, to unite with him in a request, that the case might be resubmitted to them. To grant such a request without the consent <?f both parties, would be a subversion of right,.and would be a dangerous innovation on prind-pie and practice,
As to all other matters than those embraced in the suit in chancery, the submission by order of court was jrregU}ar and ineffectual. But as it does not appear, *229 that any thing was decided by the award', which was not legally submitted, the comprehensiveness of the order cannot affect the award..
Mil’s and Brozon* and Payne, for appellant; Hewitt?. for appellees.-
Perceiving no sufficient objection to the award or to the judgment of the court upon id, the judgment must be affirmed.